1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY EARL RICHARD,

11            Petitioner,              No. 2: 12-cv-1436 GEB DAD P

12        vs.

13   SUSAN HUBBARD,

14            Respondent.              <u>ORDER</u>

15   _____/

16            Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's May 29, 2012

18   motion for stay and abeyance.

19   **I. Background**

20            On May 29, 2012, petitioner commenced this action by filing a petition for writ of

21   habeas corpus, challenging a 2008 judgment of conviction entered in the Sacramento County

22   Superior Court for attempted murder and robbery, with sentencing enhancements for personal

23   use of a firearm and causing great bodily injury.  On that same date, petitioner filed a motion for

24   stay and abeyance, asking the court to stay this federal habeas action in order to allow him to

25   complete the exhaustion process in state court with respect to several of his claims.

26   /////

On October 15, 2012, this court ordered respondent to file a response to both the habeas petition and the motion for stay and abeyance.  On November 14, 2012, respondent filed an opposition to petitioner's motion for stay and abeyance and a request for extension of time to file a response to petitioner's habeas petition.  On November 16, 2012, the court granted respondent's request for an extension of time and directed respondent to file a response to the habeas petition within thirty days of any court order denying the motion for stay and abeyance.

On January 22, 2013, petitioner filed another petition for writ of habeas corpus in this court.

## II. Stay and Abeyance Procedures

The United States Court of Appeals for the Ninth Circuit has analyzed the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  First, the Ninth Circuit explained "the Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135.  A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions.  If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims set forth in his original federal petition.  In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay.  See King, 564 F.3d at 1140-41.  See also Duncan v. Walker, 533 U.S. 167, 172-75

2

1  (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not

2  toll the statute of limitations).

3          As the Ninth Circuit explained in King, the United States Supreme Court has

4  authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277

5  (2005).  Under the Rhines procedure, the petitioner need not amend his federal habeas petition to

6  delete unexhausted claims.  Instead, the petitioner may proceed on a "mixed petition," i.e., one

7  containing both exhausted and unexhausted claims, and his unexhausted claims remain pending

8  in federal court while he returns to state court to exhaust them.  See King, 564 F.3d at 1140;

9  Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has

10  discretion to stay a mixed petition to allow a petitioner time to return to state court to present

11  unexhausted claims.").  A petitioner who elects to proceed under the Rhines procedure can, in

12  many instances, avoid an issue with respect to the timeliness of the claims set forth in his federal

13  petition.  See King, 564 F.3d at 1140.  However, the Supreme Court has cautioned that a "stay

14  and abeyance [under the Rhines procedure] should be available only in limited circumstances,"

15  and "district courts should place reasonable time limits on a petitioner's trip to state court and

16  back."  Rhines, 544 U.S. at 277-78.  The Supreme Court explained that district courts should not

17  grant such a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or

18  if the unexhausted claims are plainly meritless.  Id. at 278.  Further, under Rhines, "'stay-and-

19  abeyance is only appropriate when the district court determines there was good cause for the

20  petitioner's failure to exhaust his claims first in state court.'"  King, 564 F.3d at 1139 (quoting

21  Rhines, 544 U.S. at 277-78).[1]  The decisions in both Kelly and Rhines "are directed at solving the

22  /////

23  /////

24  /////

25

26          [1]  The Kelly procedure, which remains available after Rhines, does not require a showing
of good cause.  King, 564 F.3d at 1140.

1  same problem – namely, the interplay between AEDPA's one-year statute of limitations and the

2  total exhaustion requirement first articulated in <u>Rose v. Lundy</u>, 455 U.S. 509 (1982)."[2]

3  **III. Discussion**

4       **A. Background**

5         On direct appeal in state court, petitioner claimed that the trial court violated his

6  right to a jury trial in removing a juror for misconduct and that the evidence introduced at his

7  trial was insufficient to sustain the finding that he discharged a firearm causing great bodily

8  injury.  (Doc. No. 1 (Pet.) at 2; <u>see</u> <u>also</u> <u>People v. Richard</u>, Nos. C060092, C062587, 2010 WL

9  2794942 (Cal. App. 3d Dist. Nov. 24, 2010)).  Petitioner sought further appellate relief in the

10  California Supreme Court but his request for relief was denied.  (Pet. at 2.)

11         In his two federal habeas petitions filed in this court on May 29, 2012 and January

12  22, 2013, petitioner raises the following claims for relief:  (1) the trial court violated his right to a

13  jury trial in removing a juror for misconduct; (2) the evidence introduced at his trial was

14  insufficient to sustain the finding that he discharged a firearm causing great bodily injury; (3) the

15  introduction into evidence at his trial of evidence obtained from an unlawful search and seizure

16  violated his Fourth Amendment rights; (4) the trial court abused its discretion in denying his

17  motion to suppress the evidence obtained as a result of the unlawful search and seizure; (5) the

18  evidence introduced at his trial was insufficient to support his conviction for attempted murder;

19  (6) his appellate counsel rendered ineffective assistance; (7) his trial counsel rendered ineffective

20  assistance; and (8) the trial court violated his Sixth Amendment right to confrontation of the

21  witnesses against him when it admitted hearsay evidence at his trial.  (Doc. No. 1 (Pet.) at 16;

22  Doc. No. 16 at 19.)

23  /////

24

25     [2]  <u>Rose</u> requires district courts to dismiss a mixed petition, "leaving the prisoner with the
choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas

26  petition to present only exhausted claims to the district court."  455 U.S. at 510.

1           In both of his habeas petitions filed in this court, petitioner represents that on

2    October 5, 2011, he filed a petition for writ of habeas corpus in the California Supreme Court, in

3    which he raised the first three grounds for relief contained in the instant federal habeas petitions,

4    to wit:  (1) the trial court violated his right to a jury trial in removing a juror for misconduct; (2)

5    the evidence introduced at his trial was insufficient to sustain the finding that he discharged a

6    firearm causing great bodily injury; and (3) the introduction into evidence at his trial of evidence

7    obtained from an unlawful search and seizure violated his Fourth Amendment rights.  (Doc. No.

8    1 at 3; Doc. No. 16 at 3.)  Although petitioner states that "4# more issues" were also raised in

9    that petition, it is unclear what those issues were.  (Id.)  According to petitioner's habeas petition

10   filed in this court on January 22, 2013, his habeas petition filed in the California Supreme Court

11   was denied on an unknown date.  (Doc. No. 16 at 3.)

12          Both of the habeas petitions filed by petitioner in this court reflect that in May,

13   2012, petitioner filed a petition for writ of habeas corpus in the California Superior Court, in

14   which he raised at least the following four issues, and possibly four others:  (1) the trial court

15   violated his right to a jury trial in removing a juror for misconduct; (2) the evidence introduced at

16   his trial was insufficient to sustain the finding that he discharged a firearm causing great bodily

17   injury; (3) the introduction into evidence at his trial of evidence obtained from an unlawful

18   search and seizure violated his Fourth Amendment rights; (4) the trial court abused its discretion

19   in denying petitioner's motion to suppress the evidence obtained as a result of the unlawful

20   search and seizure.  (Doc. No. 1 at 4; Doc. No. 16 at 4.)  Petitioner states that this petition is still

21   "pending" before the California Supreme Court  (Id.)  At another point in both habeas petitions

22   filed in this court, petitioner states that five unspecified claims contained in the instant petition

23   are currently pending "before the California courts."  (Doc. No. 1 at 12; Doc. No. 16 at 12.)

24   Although petitioner states that he has included an exhibit with his petition which include

25   "collateral pleadings currently 'pending' before the California Courts" (Doc. No. 1 at 17; Doc.

26   No. 16 at 20), no such exhibit has been filed with this court.

Petitioner's May 29, 2012 motion for stay and abeyance requests a stay of this federal habeas action "until the California courts have ruled on Richard's federal claims now presented in this federal petition of [sic] writ of habeas corpus." (Doc. No. 2.)  Although petitioner does not describe which of the claims contained in his federal habeas petition are currently pending before the California courts, and which of those claims, if any, are fully exhausted, he does characterize his federal habeas petition as "a mixed petition."  (Id. at 3.) Accordingly, it appears that at least some of petitioners federal claims have been exhausted in state court.  However, petitioner does not explain here why he did not file all of his claims in one petition in the California courts or why he was unable to exhaust his claims in state court before filing his habeas petition in federal court.[3]

In her opposition to petitioner's pending motion for stay and abeyance, respondent calculates that "approximately six" of the claims petitioner raises in the instant federal habeas petition are "not exhausted." (Doc. No. 11 at 1.)  She also argues that petitioner has failed to demonstrate good cause for his failure to exhaust these claims in state court prior to filing his federal habeas petition. (Doc. No. 11 at 1.)  Respondent notes that all of petitioner's claims appear to be based on his trial proceedings, and she argues that he should have been able to raise those claims in state court and obtain a ruling prior to filing his federal petition. (Id. at 2-3.) Respondent also argues that the Kelly procedure, outlined above, "flatly violates" the Rhines procedure and should not be utilized by this court. (Id. at 3.)

**B.  Analysis**

It is not clear from the documents submitted by petitioner to this court which of his claims are exhausted and which are still pending before the state courts.  Accordingly, the court is unable to rule on the merits of petitioner's motion for stay and abeyance.  Under the

/////

---

[3]  The court also notes, however, that petitioner's motion for stay and abeyance appears to have at least one page missing from the end of the motion, and therefore may not be complete.

circumstances of this case, the court will direct petitioner to inform the court on how he wishes to proceed.

Petitioner appears to be asking this court to stay his mixed petition so that he may return to state court and exhaust an additional claim or claims.  His request in this regard is more akin to seeking a stay utilizing the Rhines procedure, which applies to stays of mixed petitions. If petitioner wishes to pursue a stay pursuant to the Rhines procedure, he will need to now file an amended federal petition containing all of his exhausted and unexhausted claims.  In addition, petitioner will need to file a renewed motion for a stay and abeyance setting forth sufficient facts and information necessary to satisfy the requirements of Rhines discussed above.  In any renewed motion for a stay and abeyance he may elect to file, petitioner must (1) show good cause for his failure to exhaust all claims before filing this action, (2) demonstrate why each of his unexhausted claims is potentially meritorious, (3) describe the status of any state court proceedings on the unexhausted claims, and (4) demonstrate that he has acted diligently in pursuing his unexhausted claims.  See Rhines, 544 U.S. at 277-78.  Specifically, petitioner must inform the court which of his claims are fully exhausted, which are "pending" before a court in California, and the dates of any relevant decisions by the Sacramento County Superior Court or California Supreme Court.

If petitioner wishes to proceed by seeking a stay under the Kelly procedure, he must inform the court that he wishes to do so, and file an amended habeas petition in this court containing only exhausted claims.  At that point, the court may stay and hold in abeyance that amended, fully exhausted petition, while petitioner proceeds in state court on his unexhausted claims.  However, as discussed above, petitioner would only be allowed to proceed in this court with his newly-exhausted claims if those claims are timely filed in this court or if they share a

common core of operative facts with the claims set forth in his original federal petition.[4]

At this time the court will also relieve respondent of the obligation to file a response to petitioner's original petition until further ordered to do so.

**IV.  Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1.  Within thirty days from the date of service of this order, petitioner shall either:

(a)  file a declaration indicating he wishes to proceed under the <u>Kelly</u> stay procedure and file an amended habeas petition in this court containing only exhausted claims, or

(b)  file an amended petition that contains all of his exhausted and unexhausted claims, together with a renewed motion for a stay and abeyance with sufficient facts and information to satisfy the requirements of <u>Rhines</u>;

2.  Respondent is relieved of the obligation to file a response to petitioner's original petition for writ of habeas corpus until further ordered to do so; and

3.  The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus.

DATED: February 8, 2013.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:
richard1436.stay

---

[4]  The court rejects respondent's argument that the <u>Kelly</u> procedure "flatly violates" <u>Rhines</u> and should not be utilized, since binding precedent holds otherwise.  <u>See</u> <u>King v. Ryan</u>, 564 F.3d 1133, 1140-41 (9th Cir. 2009); <u>see</u> <u>also</u> <u>Robbins v. Carey</u>, 481 F.3d 1143, 1149 and fns. 2 & 4 (9th Cir. 2007); <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005).