IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY EARL RICHARD,

      Petitioner,                              No. 2:12-cv-1436 GEB DAD P

    vs.

SUSAN HUBBARD,

      Respondent.                            ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion to amend and proposed second amended petition.

        On February, 11, 2013, the court reviewed the two federal habeas petitions petitioner filed in this action as well as petitioner's motion for a stay and abeyance. Based on the documents submitted by petitioner, the court could not determine which of petitioner's claims were exhausted and which were then pending before the state courts. Instead of ruling on petitioner's motion for a stay and abeyance at that time, the court explained to petitioner the two stay and abeyance procedures available to him under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) and Rhines v. Weber, 544 U.S. 269, 277 (2005) and instructed petitioner to either: (a) file a declaration indicating he wishes to proceed under the Kelly stay procedure and file an amended

1

habeas petition in this court containing only exhausted claims, or (b) file an amended petition that contains all of his exhausted and unexhausted claims, together with a renewed motion for a stay and abeyance with sufficient facts and information to satisfy the requirements of Rhines. (Order Filed Feb. 11, 2013) Petitioner has since filed a motion to amend his petition pursuant to Kelly and a proposed second amended petition containing two presumably exhausted claims.

Under the Kelly stay and abeyance procedure:

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

The court will honor petitioner's request and recommend that his motion to amend be granted and this action be stayed pursuant to Kelly. The court will further recommend that petitioner be directed to exhaust his state remedies on any unexhausted claims forthwith and file a motion to lift the stay of this action within thirty days of the state's highest court issuing a decision on his petition exhausting his claims. The court reminds petitioner that he will be able to amend his petition in this action with his newly exhausted claims only if they are timely under the statute of limitations governing the filing of federal habeas petitions. See King, 564 F.3d at 1140-41. If petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims set forth in his original federal petition. Id. at 1141.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's original motion for a stay and abeyance (Doc. No. 2) be denied as moot;

2. Petitioner's motion to amend his petition pursuant to the Kelly stay and abeyance procedure (Doc. No. 18) be granted;

3. Petitioner be ordered to exhaust his state remedies on any unexhausted claims forthwith;

4. This action be stayed and the Clerk of the Court be directed to administratively close the case;

5. Petitioner be ordered to file and serve a status report in this case on the first court day of each month; and

6. Petitioner be ordered to file and serve a motion to lift the stay of this action, a motion to amend the petition, and a proposed third amended petition containing only exhausted claims within thirty days after petitioner is served with the California Supreme Court's order disposing of his state exhaustion petition.

DATED: August 13, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
rich1436.sty