IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY EARL RICHARD,

    Petitioner,                       No. 2:12-cv-1436 GEB DAD P

    vs.

SUSAN HUBBARD,

    Respondent.                <u>ORDER AND</u>

    _____/      <u>FINDINGS AND RECOMMENDATIONS</u>

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion to amend and proposed second amended petition.[1]

        On February, 11, 2013, the court reviewed the two federal habeas petitions petitioner filed in this action as well as petitioner's motion for a stay and abeyance. Based on the documents submitted by petitioner, the court could not determine which of petitioner's claims were exhausted and which were then pending before the state courts. Instead of ruling on petitioner's motion for a stay and abeyance at that time, the court explained to petitioner the two

---

[1] On August 13, 2013, the undersigned issued an order addressing petitioner's motion to amend instead of the intended findings and recommendations. Under these circumstances, the undersigned will vacate the previous order, and the case will proceed in accordance with the findings and recommendations set forth herein.

1

1    stay and abeyance procedures available to him under <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir.

2    2003) and <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005) and instructed petitioner to either:  (a) file

3    a declaration indicating he wishes to proceed under the <u>Kelly</u> stay procedure and file an amended

4    habeas petition in this court containing only exhausted claims, or (b) file an amended petition

5    that contains all of his exhausted and unexhausted claims, together with a renewed motion for a

6    stay and abeyance with sufficient facts and information to satisfy the requirements of <u>Rhines</u>.

7    (Order Filed Feb. 11, 2013)  Petitioner has since filed a motion to amend his petition pursuant to

8    <u>Kelly</u> and a proposed second amended petition containing two presumably exhausted claims.

Under the <u>Kelly</u> stay and abeyance procedure:

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

<u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009).

The court will honor petitioner's request and recommend that his motion to amend be granted and this action be stayed pursuant to <u>Kelly</u>.  The court will further recommend that petitioner be directed to exhaust his state remedies on any unexhausted claims forthwith and file a motion to lift the stay of this action within thirty days of the state's highest court issuing a decision on his petition exhausting his claims.  The court reminds petitioner that he will be able to amend his petition in this action with his newly exhausted claims only if they are timely under the statute of limitations governing the filing of federal habeas petitions.  <u>See</u> <u>King</u>, 564 F.3d at 1140-41.  If petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims set forth in his original federal petition.  <u>Id.</u> at 1141.

Accordingly, IT IS HEREBY ORDERED that the court's August 13, 2013 order is vacated.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's original motion for a stay and abeyance (Doc. No. 2) be denied as moot;

2. Petitioner's motion to amend his petition pursuant to the <u>Kelly</u> stay and abeyance procedure (Doc. No. 18) be granted;

3. Petitioner be ordered to exhaust his state remedies on any unexhausted claims forthwith;

4. This action be stayed and the Clerk of the Court be directed to administratively close the case;

5. Petitioner be ordered to file and serve a status report in this case on the first court day of each month; and

6. Petitioner be ordered to file and serve a motion to lift the stay of this action, a motion to amend the petition, and a proposed third amended petition containing only exhausted claims within thirty days after petitioner is served with the California Supreme Court's order disposing of his state exhaustion petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are

/////
/////
/////
/////
/////

1  advised that failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: August 14, 2013.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
rich1436.sty(2)